ELIPHALET PEARSON *vs.* ABIGAIL GOODWIN.

The sale of a dwelling-house for a fair price, for cash, by the owner, within six months prior to his going into insolvency, will not be deemed to be out of the usual and ordinary course of his business, without further proof; and will not afford *prima facie* evidence, under Gen. Sts. *c.* 118, § 91, that the purchaser had reasonable cause to believe him to be insolvent.

WRIT OF ENTRY by the assignee of an insolvent debtor to recover possession of a dwelling-house and land in South Boston. At the trial in the superior court, before *Morton*, J., the jury returned a verdict for the tenant, under the direction of the court, upon facts which are sufficiently stated in the opinion; and the demandant alleged exceptions.

*N. Richardson & E. Pearson*, for the demandant.

*B. Dean*, for the tenant.

CHAPMAN, J. The tenant purchased the demanded premises of one Brewster, on the 11th of December 1862. They consist of a lot eighteen feet in width and seventy feet in depth, with a dwelling-house thereon. Within six months thereafter, namely, on the 2d of May 1863, a warrant was issued against the estate of Brewster as an insolvent debtor. The plaintiff as his assignee brings this action to recover the land; and insists that by Gen. Sts. *c.* 118, § 91, the sale should be regarded as *prima facie* evidence that the tenant, when he took his deed, had reasonable cause to believe that Brewster was insolvent, or in contemplation of insolvency, because it was not a sale made in the usual and ordinary course of the business of Brewster, though it appears that the land was sold for cash, and the price does no appear to have been inadequate.

But the court are of opinion that the provision referred to was not intended to apply to sales of this character by a person who is not a broker or dealer in real estate; for it is according to the ordinary and usual course of business of men who own a dwelling-house or land to sell it when they see fit to do so for any reason whatever. It is not necessary that the sale should appear to be connected with the business which they ordinarily

pursue, in order to relieve it from suspicion. If it were so, it would never be safe for any man to purchase a dwelling-house or land for a fair price in cash, without first ascertaining that the vendor was in no danger of becoming an insolvent debtor within six months.

The statute was obviously designed to apply to conveyances connected with the usual and ordinary business of the insolvent; but not according to the usual course of it. Mortgages of property are often of this description; but the sale of a dwelling-house, or of a worn out family horse or carriage for a fair price in cash, cannot be so regarded. The statute was not intended to apply to such sales and to declare them to be *prima facie* fraudulent. This case is clearly distinguishable from that of *Nary* v. *Merrill*, 8 Allen, 451. The mortgage in that case was to secure a preëxisting debt, and was connected with the business of the debtor, and it was an important question of fact whether or not it was in the ordinary and usual course of his business. *Exceptions overruled.*